(Rev. 12/1/15)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**BEVERLY J. FORTEAU-MCKAIG**,

Plaintiff(s),

v.                                                    Case No. **19-2700-DDC-KGG**

**OXFORD MANAGEMENT GROUP, LLC**,

Defendant(s).

## <u>SCHEDULING ORDER</u>

On June 18, 2020, in accordance with Fed. R. Civ. P. 16, the undersigned U.S. Magistrate Judge, conducted a scheduling conference in this case with the parties.[1] Plaintiff appeared through counsel, Kathleen Mannion.  Defendant appeared through counsel, Kari Schmidt.

After consultation with the parties, the court enters this scheduling order:

**1.       Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court has determined that settlement of this case potentially would be enhanced by use of early mediation. Plaintiff has submitted a good-faith settlement proposal to defendant.  Defendant must

---

[1]As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, cross-claimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief.   The term "defendant" includes defendants as well as counterclaim defendants, cross-claim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

O:\SchedOrders\19-2700so.docx

make a good-faith counter-proposal by **June 24, 2020**.  By **August 28, 2020**, <u>unless</u> the parties have filed a Joint Mediation Notice stating the full name, mailing address, and telephone number of the person whom they have selected to serve as mediator, along with the firmly scheduled date, time, and place of mediation, each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge (but <u>not</u> the presiding U.S. District Judge).  These reports must briefly set forth the parties' settlement efforts to date, current evaluations of the case, views concerning future settlement negotiations, the overall prospects for settlement, and a specific recommendation regarding mediation or any other ADR method.  If the parties cannot agree on a mediator and any party wishes the court to consider a particular mediator or other ADR neutral, then up to three nominations may be provided in the confidential settlement reports; such nominations must include a statement of the nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts.  These reports must <u>not</u> be filed with the Clerk's Office.  Mediation is ordered.  Absent further order of the court, mediation must be held no later than **October 23, 2020**.  An ADR report must be filed by defense counsel within 14 days of any scheduled ADR process, using the form located on the court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2015/10/adrreportrev20141.pdf*

**2.      Discovery.**

a.      The parties already have served their initial disclosures with regard to witnesses, exhibits, damage computations, and any applicable insurance coverage, as

required by Fed. R. Civ. P. 26(a)(1).   In order to facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without any need for formal requests for production, copies of the various documents described in the parties' respective Rule 26(a)(1) disclosures shall be exchanged or made available for inspection and copying by **June 26, 2020**. Supplementations of those disclosures under Fed. R. Civ. P. 26(e) must be served at such times and under such circumstances as required by that rule.   In addition, such supplemental disclosures must be served in any event 40 days before the deadline for completion of all discovery.   The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify all witnesses and exhibits that probably or even might be used at trial.   The opposing party and counsel should be placed in a realistic position to make judgments about whether to take a particular deposition or pursue follow-up "written" discovery before the time allowed for discovery expires.   Should anything be included in the final disclosures under Fed. R. Civ. P. 26(a)(3) that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto, the witness or exhibit probably will be excluded from offering any testimony under Fed. R. Civ. P. 37(c)(1).

b.     All discovery in this case must be commenced or served in time to be completed by **December 31, 2020**.   Under recent amendments to the Federal Rules of Civil Procedure, the court respectfully reminds the parties and counsel that they are entitled to obtain pretrial discovery regarding any nonprivileged matter *provided* it's (a) relevant to a party's claim or defense, <u>AND</u> (b) proportional to the needs of this case.   Under Fed.

3

R. Civ. P. 26(b)(1), whether any particular discovery request is proportional is to be determined by considering, to the extent they apply, the following six factors: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

      c.     If expert testimony is used in this case, disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, must be served by plaintiff by **August 28, 2020**, and by defendant by **October 23, 2020**; disclosures and reports by any rebuttal experts must be served by **December 18, 2020**.  Plaintiff's expert(s) will be deposed by **September 25, 2020,** and defendant's expert(s) will be deposed by **November 23, 2020.** The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures.   These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony.   If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before filing any motion based on those objections.

4

d.      The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not anticipated in this case.   The parties must complete all physical or mental examinations under Fed. R. Civ. P. 35 by **September 18, 2020**.   If the parties disagree about the need for or the scope of such an examination, a formal motion must be filed sufficiently in advance of this deadline in order to allow the motion to be fully briefed by the parties, the motion to be decided by the court, <u>and</u> for the examination to be conducted, all before the deadline expires.

e.      The court considered / resolved the following discovery problem(s) raised by one or more of the parties: None.

f.      Consistent with the parties' agreements as set forth in their planning conference report, electronically stored information (ESI) in this case will be handled as follows:   The parties agree that all information produced by either party shall initially be produced in PDF form.   In the event either party wishes to discover ESI associated with a paper document, the party will notify the other party in writing and identify the specific document(s).   The party requesting the ESI will also identify the nature of the ESI being requested and the reason it is requested.   The parties will then confer in good faith regarding the relevance of the requested ESI, the availability of the requested ESI, any expenses associated with the production of such information, and whether it is proportional to the needs of the case.   If a party believes there is ESI that is relevant that has not been produced, the parties will confer in good faith regarding the existence or nonexistence of such information.

g.      Consistent with the parties' agreements as set forth in their planning conference report, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

1)      Any inadvertent disclosure or production of documents protected by the attorney-client privilege or work-product protection will not constitute a waiver of either any available privilege or protection by the disclosing party.

2)      In the event that the receiving party discovers that it has received either attorney-client privileged or work-product-protected documents, it will bring that fact to the attention of the producing party immediately upon discovery.

3)      Upon the request of the producing party, the receiving party will promptly return to the producing party any attorney-client privileged or work-product-protected document and any copies of such documents that the receiving party may have made.

4)      Upon the request of the producing party, the receiving party will promptly disclose the names of any individuals who have read or have had access to the attorney-client privileged or work-product-protected document.

5)      No such inadvertently produced attorney-client privileged or work-product-protected document may be used in evidence against the producing party.

6)      No copies will be made of the inadvertently disclosed attorney-client privileged or work-product-protected documents.

7)      The parties wish this agreement to be reflected in the court's scheduling order.

h.      To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the court adopts as its order the following procedures agreed to by parties and counsel in this case [e.g., the *Susman* pretrial [trial] agreements, available at *http://www.trialbyagreement.com*]:

1)       Counsel shall attempt to resolve any discovery disputes by phone or in-person conference.

2)   The parties will cooperate in scheduling depositions in accordance with the number and length limits of the scheduling order.

3)   The parties agree that papers will be served electronically on all counsel.

4)   If necessary, the parties will request the Court enter an agreed protective order.

5)   Production of documents does not waive any privilege that may apply to those documents.

6)   The parties will submit a request for an agreed order for the FOIA request pertaining to the investigation file of the Kansas Human Rights Commission concerning this matter.

i.   No party may serve more than 30 interrogatories, including all discrete subparts, on any other party.

j.   No more than 10 depositions may be taken by plaintiff, and no more than 10 depositions may be taken by defendant.   Each deposition must be limited to 7 hours .   All depositions must be governed by the written guidelines that are available on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/depoguidelines.pdf*

k.   Discovery in this case may be governed by a protective order.   If the parties agree concerning the need for and scope and form of such a protective order, they must confer and then submit a jointly proposed protective order by **June 26, 2020**.   This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

http://ksd.circ10.dcn/wp-content/uploads/2018/01/PO-Guidelines-Form-Rev.-March-2019.docx

7

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). <u>A pre-approved form of protective order is included with the guidelines at the hyperlink shown above</u>.

If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum, with the proposed protective order attached, by **June 26, 2020**.

l.      The parties do consent to electronic service of disclosures and discovery requests and responses.   See Fed. R. Civ. P. 5(b) and D. Kan. Rules 5.4.2 and 26.3.

m.      The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1.   Accordingly, the parties are respectfully reminded that this court plans to strictly enforce the certification requirements of Fed. R. Civ. P. 26(g).   Among other things, Rule 26(g)(1) provides that, by signing a discovery request, response, or objection, it's certified as (i) consistent with the applicable rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive,

considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.   If a certification violates these restrictions without substantial justification, under Rule 26(g)(3), the court *must* impose an appropriate sanction on the responsible attorney or party, or both; the sanction *may* include an order to pay the reasonable expenses, including attorney fees, caused by the violation. Therefore, *before* the parties and counsel serve any discovery requests, responses, or objections in this case, lest they incur sanctions later, the court *strongly* suggests that they carefully review the excellent discussion of Rule 26(g) found in *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008).

**3.     Motions.**

a.     The parties have stipulated that no motions to dismiss will be filed in this case.

b.     Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **July 31, 2020**.

c.     All other potentially dispositive motions (e.g., motions for summary judgment), must be filed by **January 29, 2021**.   The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

d.     Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as

uncontested.   Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good-faith dispute.   The parties should follow the summary-judgment guidelines available on the court's website:      *http://ksd.uscourts.gov/wp-content/uploads/2015/10/Summary-Judgment-Guidelines.pdf*

e.      All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by 42 days before trial.

f.      If issues remain unresolved after the parties have complied with the "meet and confer" requirements applicable to discovery-related motions under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the parties and counsel are strongly encouraged to consider arranging a telephone conference with the undersigned magistrate judge *before* filing such a motion.   But such a conference is not mandatory.

g.      Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the time for filing such a motion is extended for good cause shown.   Otherwise, the objection to the default, response, answer, or objection is waived.   *See* D. Kan. Rule 37.1(b).

h.      To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures.   However, this does not apply to

10

extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial.   *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a). Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports.   *See* D. Kan. Rule 26.4(c).

      i.     The arguments and authorities section of briefs or memoranda submitted must not exceed 30 pages, absent an order of the court.

**4.     Pretrial Conference, Trial, and Other Matters.**

      a.     The parties agree that principles of comparative fault do <u>not</u> apply to this case.

      b.     Pursuant to Fed. R. Civ. P. 16(e), a pretrial conference is scheduled for **January 14, 2021 at 3:00 p.m.**; this pretrial conference may be conducted by telephone if the judge determines that the proposed pretrial order is in the appropriate format and that there are no other problems requiring counsel to appear in person.   Unless otherwise notified, the undersigned U.S. Magistrate Judge will conduct the conference.   No later than **January 7, 2021**, defense counsel must submit the parties' proposed pretrial order (formatted in Word or WordPerfect) as an attachment to an e-mail sent to *ksd_gale_chambers@ksd.uscourts.gov*.   The proposed pretrial order must <u>not</u> be filed with the Clerk's Office.   It must be in the form available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

The parties must affix their signatures to the proposed pretrial order according to the procedures governing multiple signatures set forth in paragraphs II(C) of the

*Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

      c.      The parties expect the jury trial of this case to take approximately five trial days.  This case will be tried in Kansas City, Kansas.  This case is set for trial on the court's docket beginning on **October 5, 2021 at 9:00 a.m**.   Unless otherwise ordered, this is not a "special" or "No. 1" trial setting.   Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin.   The trial setting may be changed only by order of the judge presiding over the trial.  **The parties and counsel are advised that any future request for extension of deadlines that includes a request to extend the dispositive motion deadline will likely result in a new (i.e., later) trial date.**

      d.      The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time, or as a backup if the assigned U.S. District Judge determines that his or her schedule is unable to accommodate the scheduled trial date.

      e.      This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public.   Counsel are expected to familiarize themselves with the *Pillars of Professionalism* and conduct themselves accordingly when litigating cases in this court.   The *Pillars of Professionalism*

are available on this court's website:        *http://ksd.uscourts.gov/wp-*

*content/uploads/2018/01/2-15-13-Pillars-of-Professionalism.pdf*

This scheduling order will not be modified except by leave of court upon a showing of

good cause.

     IT IS SO ORDERED.

     Dated June 18, 2020, at Wichita, Kansas.


                                s/ KENNETH G. GALE
                                KENNETH G. GALE
                                U.S. Magistrate Judge

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Plaintiff's settlement proposal | Done |
| Defendant's settlement counter-proposal | 6/24/2020 |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | 8/28/2020 |
| Mediation completed | 10/23/2020 |
| Initial disclosures made available for inspection/copying | 6/26/2020 |
| All discovery completed | 12/31/2020 |
| Experts disclosed by plaintiff | 8/28/2020 Deposed by 9/25/2020 |
| Experts disclosed by defendant | 10/23/2020 Deposed by 11/23/2020 |
| Rebuttal experts disclosed | 12/18/2020 |
| Physical and mental examinations | 9/18/2020 |
| Jointly proposed protective order submitted to court | 6/26/2020 |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | 6/26/2020 |
| Motions to dismiss | n/a |
| Motions to amend | 7/31/2020 |
| All other potentially dispositive motions (e.g., summary judgment) | 1/29/2021 |
| Comparative fault identification | n/a |
| Status conference | n/a |
| Proposed pretrial order due | 1/7/2021 |
| Pretrial conference | 1/14/2021 at 3:00 p.m. |
| Trial | 10/5/2021 at 9:00 a.m. |